IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NOLAN KINARD FLOYD, SR.,

   Plaintiff,

v.

WARDEN JEFFERY NINES, et al.,

   Defendants.

Civil Action No.:  JRR-23-0244

**MEMORANDUM**

Plaintiff Nolan Kinard Floyd, Sr., who is incarcerated at North Branch Correctional Institution ("NBCI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Mr. Floyd appears indigent, his request to proceed without pre-payment of the filing fee is granted. In addition, the Complaint and Mr. Floyd's Declaration (ECF No. 4), filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Mr. Floyd states that on March 4, 2022, $143.00 was withdrawn from his inmate account to purchase a catalog. ECF No. 1 at 3. In April 2022, the catalog was delivered but because it arrived while he was housed in disciplinary segregation, where inmates cannot receive catalog orders, the catalog was returned. *Id.*; ECF No. 4 at 1-2. Mr. Floyd contends that the following month, the catalog company sent him a check, refunding the full price of the catalog. ECF No. 1 at 3. The money was never deposited in his inmate account although Mr. Floyd asserts that the check was cashed according to a customer service representative for the catalog provider. *Id.* For the reasons discussed below, Mr. Floyd's Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint.  The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Mr. Floyd asserts that the Defendants' actions have violated his due process rights under the Fifth and Fourteenth Amendments.  ECF No. 1 at 4.  Based on the pleadings, it appears Mr. Floyd is alleging that he has been negligently deprived of his refund check.  However, a negligent deprivation of property is not actionable under § 1983.  *See Kerr v. S.C. Dep't of Corr.*, 2016 U.S. Dist. LEXIS 180695, at *2 (D.S.C. Oct. 28, 2016), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 80, (D.S.C. Jan. 3, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Menendez v. Keefe Supply Co.*, 235 Fed. App'x 737, 740 (11th Cir. 2007)); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff's allegation that other inmates stole his property fails to state a claim against the prison officials because the prison's negligence in allowing the theft is not a 'taking' for purposes of the Fourteenth Amendment.").

Even to the extent Mr. Floyd is alleging that it was an unauthorized intentional deprivation of property by Defendants, his claim fails because he has access to an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corr.*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy). The right to seek damages and injunctive relief in Maryland state courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons.  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate."); *see also Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060 at *4 (D.

Md. May 25, 2018) (noting that the Maryland Tort Claims Act and the Inmate Grievance Office provide adequate post-deprivation remedies); *Fuller v. Warden*, No. WMN-12-43, 2012 WL 831936 at *2 (D. Md. Mar. 8, 2012). Therefore, Mr. Floyd's Complaint fails to state a claim and must be dismissed.

Mr. Floyd is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, this applies if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A separate order follows.

　__3.20.23_____　　　　　　　　　_____/S/_____
Date　　　　　　　　　　　　　　　　　　　Julie R. Rubin
　　　　　　　　　　　　　　　　　　　　　United States District Judge